UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORTGAGE NOW, INC.,

    Plaintiff,

v().                                      Case No. 3:09cv80/MCR/CJK

BRYAN STONE, PHILIP HEPPDING,
AND GUARANTEED HOME
MORTGAGE COMPANY, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned for a Report and Recommendation regarding Plaintiff Mortgage Now, Inc.'s Motion and Brief in Support of a Finding of Liability Against Defendant Guaranteed Home Mortgage Company, Inc. for Attorneys' Fees and Costs Pursuant to F.S.A. § 768.79 (doc. 496), Guaranteed Home Mortgage Company, Inc.'s Motion to Modify Clerk's Taxation of Costs Pursuant to F.R.C.P. Rule 54(d) and Local Rule 54(B) (doc. 507), and Plaintiff Mortgage Now, Inc.'s Response in Opposition to Defendant Guaranteed Home Mortgage Company, Inc.'s Motion to Modify Clerk's Taxation of Costs and Mortgage Now, Inc.'s Motion for Extension of One Day for Filing Bill of Costs Based on Excusable Neglect (doc.

508).[1]  Having carefully reviewed the motions and responses, the undersigned has determined that plaintiff's motion for attorneys' fees and costs should be granted, defendant's motion to modify the clerk's taxation of costs should be denied, and plaintiff's motion for an extension of time in which to file its bill of costs should be granted.

I.      Plaintiff's Motion for Attorneys' Fees and Costs

On September 2, 2011, plaintiff served Guaranteed Home Mortgage Corporation with a Demand for Judgment in the amount of $100,000, which was to include "all damages which may be awarded in a final judgment, including punitive damages."[2]  Guaranteed never responded to the offer.  Following a bench trial, the Clerk of Court entered final judgment in favor of plaintiff and against defendants Guaranteed and Bryan Stone in the amount of $339,468.97.[3]  *See* doc. 414.

According to Fla. Stat. § 768.79, "[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand."  In order to be valid, such an offer must be in writing and state that it is being made pursuant to Fla. Stat. § 768.79, name the party making it and the party to whom it is being made, identify the claim or claims the proposal is attempting to resolve, state with particularity the amount offered to settle a claim for punitive damages, state with particularity any relevant conditions, state the total amount of the

---

[1] The case also was referred for consideration of Defendant Bryan Stone's Objection to Taxation of Costs and Notice to the Court of Bankruptcy Discharge Pursuant to Local Rule 54.2(B).  The undersigned will not address the objection at this time.  Assuming the validity of the objection and that any judgment for costs has been discharged in bankruptcy, that is a matter to be resolved between counsel.

[2] It appears that the demand was intended for defendant Guaranteed Home Mortgage Company, Inc. ("Guaranteed") and was misdirected as a result of oversight.

[3] The clerk also taxed costs against Guaranteed and Stone.

Case No. 3:09cv80/MCR/CJK

proposal and state with particularity any non-monetary terms, state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim, and include a certificate of service in the form required by Rule 1.008(f). Fla. Stat. § 768.79, Fla. R. Civ. P. 1.442.[4] *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 632 F.3d 1195, 1198 (11th Cir. 2011); Fla. R. Civ. P. 1.442. The requirements are to be strictly construed. *See id.* ("Because the Florida offer of judgment statute provides for attorney's fees in derogation of the common law, the statute, and its accompanying rule of procedure, must be strictly construed.").

Guaranteed insists that plaintiff's demand is invalid and unenforceable because it did not state whether it included attorneys' fees and whether attorneys' fees were part of the legal claim, did not state with particularity the amount offered to settle plaintiff's punitive damages claim, plaintiff's complaint included a claim for equitable relief, and plaintiff incorrectly identified Guaranteed. This report will address each alleged defect in turn.

With regard to the first defect – the failure to expressly reference attorneys' fees – Guaranteed is correct that plaintiff did not specifically state whether the proposal included attorneys' fees or whether attorneys' fees were part of its legal claims. That defect, however, does not render plaintiff's demand invalid. As the Eleventh Circuit has observed, "where an offer does not explicitly exclude attorney's fees, they are assumed to be included." *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002) (citing *Unicare Health Facilities, Inc. v. Mort*, 553 So.2d 159, 161 (Fla.1989), and *George v. Northcraft*, 476 So.2d 758, 759 (Fla. 5th DCA 1985)). That is especially true in cases such as the one at bar in which the plaintiff uses language broad enough to encompass a claim for attorneys' fees and costs. *See id.*

---

[4] The Eleventh Circuit has determined that Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442(c)(2)(F) are substantive for *Erie* purposes. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254 (11th Cir. 2011).

Case No. 3:09cv80/MCR/CJK

The same logic applies to plaintiff's failure to state with particularity the amount offered to settle its punitive damages claim. *See id.* In *McMahan*, the Eleventh Circuit held that the punitive damages requirements are satisfied by plaintiff's failure to explicitly exclude punitive damages from its offer and inclusion of language broad enough to encompass such a claim. *See id.* Both conditions are met here.

Guaranteed's third argument is similarly unavailing. It is true, as Guaranteed contends, that the offer of judgment statute does not apply to actions in which a plaintiff seeks both damages and equitable relief. *See, e.g., Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So.3d 362, 372-75 (Fla. 2013). It likewise is true that, in its Third Amended Complaint, plaintiff asserted a claim for equitable relief.[5] Nevertheless, before plaintiff served its Demand for Judgment, the district judge entered summary judgment against plaintiff on the claim for equitable relief. In fact, plaintiff did not oppose Guaranteed's motion in that regard and effectively stipulated to the entry of judgment against it on the equitable claim. As a result, no claim for equitable relief survived at the time plaintiff served its demand, and plaintiff's demand expressly applied only to damages claims.

The undersigned also does not find that plaintiff's misidentification of Guaranteed was a fatal error. According to the Florida Supreme Court, "[t]he [offer of judgment] rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). "'Therefore, parties should not

---

[5] Specifically, in Count VII of its Third Amended Complaint, plaintiff sought an accounting of all proprietary and confidential information allegedly misappropriated from it and profits and other compensation allegedly obtained by defendants as a result of their wrongful conduct.

Case No. 3:09cv80/MCR/CJK

"nit-pick" the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could "reasonably affect the offeree's decision" on whether to accept the proposal for settlement.'" *Land & Sea Petroleum, Inc. v. Business Specialists, Inc.*, 53 So. 3d 348, 353 (Fla. 4th DCA 2011) (quoting *Carey–All Transp., Inc. v. Newby*, 989 So. 2d 1201, 1206 (Fla. 2d DCA 2008) (quoting *Nichols*, 932 So.2d at 1079)). Here, there is no indication that Guaranteed was confused as to the party to whom plaintiff's offer was directed. To the contrary, Guaranteed acknowledged in its response that the mistake "resulted in no contextual ambiguity."

II.     Guaranteed's Motion to Modify Clerk's Taxation of Costs

Through its motion, Guaranteed seeks an order denying costs to plaintiff, as taxed by the Clerk of Court, arguing that plaintiff's notice and bill of costs were not timely filed and that plaintiff failed to secure a date from the Clerk for the taxation of costs. In response to Guaranteed's motion, plaintiff concedes that its bill of costs was not timely, having been filed one day past the deadline, and requests an order granting *nunc pro tunc* a one-day extension of time in which to file it. The undersigned finds sufficient grounds for excusing plaintiff's untimely request for an extension of time to file its bill of costs. *See In re Seroquel Products Liability Litigation*, No. 6:06-md-1769-Orl-22DAB, 2009 WL 618240, at *1 (M.D. Fla. March 12, 2009). In so finding, the court notes the very brief delay in filing the bill of costs and the lack of prejudice to Guaranteed as a result of the minor tardiness.

Accordingly, it is respectfully RECOMMENDED as follows:

1.    That Mortgage Now, Inc.'s motion for attorneys' fees and costs (doc. 496) be GRANTED.

2.    That Guaranteed Home Mortgage Company, Inc.'s motion to modify the clerk's taxation of costs (doc. 507) be DENIED.

     3.     That Mortgage Now, Inc.'s motion for an extension of time to file its bill of costs (doc. 508) be GRANTED.

     4.     That Mortgage Now, Inc. have fourteen (14) days in which to submit support for its claims for attorneys' fees and costs, as required by Local Rule 54.1.

DONE AND ORDERED this 20th day of June, 2014.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**