UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORTGAGE NOW, INC.,

Plaintiff,

v. Case No. 3:09cv80/MCR/CJK

BRYAN STONE, PHILIP HEPPDING,
AND GUARANTEED HOME MORTGAGE
COMPANY, INC.,

Defendants.
_________________________________________/

REPORT AND RECOMMENDATION

In a Report and Recommendation entered on June 20, 2004, the undersigned recommended that defendant Guaranteed Home Mortgage Company, Inc. ("Guaranteed") be required to pay attorneys' fees and costs pursuant to Fla. Stat. § 768.79 (doc. 518).[1] The district judge adopted the recommendation (doc. 522) and referred the matter to the undersigned (doc. 525) for another report and recommendation on Plaintiff Mortgage Now, Inc.'s Motion Nunc Pro Tunc to File Attorneys' Fees Between October 2013 and January 2014 Pursuant to Local Rule 54.1 (doc. 519) and the amount of attorneys' fees and costs to be awarded (doc. 521).

---

[1] *See, e.g., Horowitch v. Diamond Aircraft Indus. Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011) ("This circuit has found [Fla. Stat.] § 768.79—which is the offer of judgment statute—to be substantive law for Erie purposes.") (internal marks omitted).

The lodestar method is used to determine the reasonableness of attorneys' fees. This method is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[2] *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996) (quoting *Norman*, 836 F.3d at 1299). In calculating the number of hours reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, as well as time spent litigating "discrete and unsuccessful claims." *Duckworth*, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Eleventh Circuit has noted that "the court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

---

[2] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir.1990).

Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorneys' fees. According to Local Rule 54.1(B),

> [i]n any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
> * * * *
> (5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.

Local Rule 54.1(B). Once the court has awarded fees, the party to whom such fees were awarded shall file "an affidavit setting out the requested amount and specifically describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed." N.D. Fla. Loc. R. 54.1(E)(1). The party awarded fees must also "file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3).

In this case, prior to filing its affidavit and other documents in support of its fee request, Mortgage Now filed a motion for the court to accept its late filing of

attorneys' fee records for October 2013 through January 2014, all of which pertained to Guaranteed's appeal of the court's judgment in favor of plaintiff. Doc. 519. The undersigned recognizes that this court strictly construes the local rule requiring that attorneys file "electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month." Nevertheless, I will not mechanically disallow fees for time spent defending the appeal to the Eleventh Circuit Court of Appeals. First, defendants have made no objection, nor claim of prejudice. Next, the Local Rule delineates that attorneys "[m]aintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action." The phrase "particular action" could be construed to refer to the action in this court, and not to a distinct proceeding in the Court of Appeals. I need not reach that construction as a matter of law; instead, I make the point as a justification for not denying all appellate fees, in a manner that might be construed as punitive. Finally, the Local Rule refers to fees incurred during "the pendency of the action." Use of a definite article, "the", might reasonably be expected to refer to one action and not to both the actions in the District Court and the Court of Appeals. Also, some reasonable contention might be raised as to the pendency of the lower court action after entry of final judgment, and the defendants' invocation of the jurisdiction of a different court for appellate review. In fact, this court's own file in the matter indicates that the clerk was directed to close the file on September 20, 2012. Doc. 413. Accordingly, the undersigned recommends that plaintiff's motion to file its attorneys' fees records out of time be granted. *See Frosti v. Creel*, 979 So.2d 912, 917 (Fla. 2008) ("The right to attorney fees pursuant to section 768.79 applies to fees incurred on appeal.").

With regard to the fees requested, the undersigned finds that plaintiff has complied with Local Rule 54.1. Indeed, plaintiff submitted an affidavit from its

counsel, Gary R. Kessler, attaching a copy of his billing records. Plaintiff also submitted an affidavit from John Westberry, a local attorney who has practiced law for thirty-eight years, representing clients in a variety of matters, including labor and employment disputes. According to the billing records, plaintiff's counsel spent 478.24 hours from September 2, 2011, through September 30, 2013, prosecuting this matter and defending against Guaranteed's appeal. With a few exceptions, the undersigned finds the amounts of time to be reasonable. The exceptions include two entries on September 28, 2012, by Amy Aaron regarding publication of a court order, for a total of 3.0 hours; an entry on September 30, 2012 by W. Clinton Wallace regarding "Local Counsel Fee", for 3.30 hours; entries on October 9, and 10, 2012, by Mr. Kessler regarding publication issues, for a total of 2.30 hours; and two entries on October 9, 2012, by Ms. Aaron regarding publication issues, for a total of 4.60 hours. Without any explanation, the undersigned cannot discern how those entries reflect work necessary to this action. Such time, therefore, will be disallowed, and the total amount of time for which plaintiff may recover fees is 465.04 hours.

As for the rates, plaintiff requests that Mr. Kessler and Mr. Wallace be compensated at a rate of $400.00 per hour, that Ms. Aaron be compensated at a rate of $200.00 per hour, that Christy M. Liss be compensated at a rate of $150.00 per hour, and that Linda Norman, a paralegal, be compensated at a rate of $100.00 per hour. Based on the undersigned's knowledge and experience of twenty-four years as a state and federal judicial officer in Florida, as well as Mr. Westberry's affidavit, the undersigned finds those rates to be reasonable.

Finally, although plaintiff seeks $2,298.00 in costs, it failed to offer any support for its request, nor even any itemization. Further costs, therefore, will not be

awarded.[3]

Accordingly, it is respectfully RECOMMENDED as follows:

1. That Plaintiff Mortgage Now, Inc.'s Motion Nunc Pro Tunc to File Attorneys' Fees Between October 2013 and January 2014 Pursuant to Local Rule 54.1 (doc. 519) be GRANTED.

2. That Plaintiff Mortgage Now, Inc. be awarded $165,531.00 in attorneys' fees pursuant to Fla. Stat. § 768.79.

3. That Plaintiff Mortgage Now, Inc. be awarded no costs.

At Pensacola, Florida, this 28th day of January, 2015.

/s/ Charles J. Kahn, Jr.

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[3] The clerk entered, after plaintiff filed the present motion, a Supplemental Taxation of Costs for the amount of the transcript (doc. 524).