UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORTGAGE NOW, INC.,

    Plaintiff,

v.                                          Case No. 3:09cv80/MCR/CJK

BRYAN STONE, PHILIP HEPPDING,
AND GUARANTEED HOME MORTGAGE
COMPANY, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

In a Report and Recommendation entered on June 20, 2014, the undersigned recommended that defendant Guaranteed Home Mortgage Company, Inc. ("Guaranteed") be required to pay plaintiff Mortgage Now, Inc. ("Mortgage Now") attorneys' fees and costs pursuant to Fla. Stat. § 768.79 (doc. 518). The district judge adopted the recommendation, *see* doc. 522, and referred the matter to the undersigned for another report and recommendation on Plaintiff Mortgage Now, Inc.'s Motion Nunc Pro Tunc to File Attorneys' Fees Between October 2013 and January 2014 Pursuant to Local Rule 54.1 (doc. 519) and the amount of attorneys' fees and costs to be awarded (doc. 521), *see* doc. 525. The undersigned entered a second Report and Recommendation on January 28, 2015, recommending that Mortgage Now's Motion

Nunc Pro Tunc to File Attorneys' Fees Between October 2013 and January 2014 be granted and that Mortgage Now be awarded $165,531.00 in attorneys' fees incurred prior to that time (doc. 526).[1]  The district judge entered an order on February 27, 2015, adopting the Report and Recommendation (doc. 529).  The amount of Mortgage Now's attorneys' fees between October 2013 and January 2014 remains to be determined.

As set forth in the prior Report and Recommendation, the lodestar method is used to determine the reasonableness of attorneys' fees.  This method is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).  A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[2]  *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996) (quoting *Norman*, 836 F.3d at 1299).  In calculating the number of hours reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, as well as time spent litigating "discrete and

---

[1] The undersigned also recommended that Mortgage Now be awarded no costs.

[2] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir.1990).

Case No. 3:09cv80/MCR/CJK

unsuccessful claims." *Id.* at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Eleventh Circuit has noted that "the court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorneys' fees. According to Local Rule 54.1(B),

> [i]n any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
> * * * *
> (5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.

Local Rule 54.1(B). Once the court has awarded fees, the party to whom such fees were awarded shall file "an affidavit setting out the requested amount and specifically

Case No. 3:09cv80/MCR/CJK

describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed." N.D. Fla. Loc. R. 54.1(E)(1). The party awarded fees must also "file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3).

The undersigned finds that Mortgage Now has complied with Local Rule 54.1. Indeed, Mortgage Now submitted an affidavit from its counsel, Gary R. Kessler, attaching a copy of his billing records. According to the billing records, Mortgage Now's counsel spent 55.90 hours between October 2013 and January 2014, prosecuting this matter and defending against Guaranteed's appeal. The undersigned finds the amount of time to be reasonable. The total amount of time for which Mortgage Now may recover fees from October 2013 to January 2014, therefore, is 55.90 hours. The court previously determined that the hourly rates were reasonable.

Accordingly, it is respectfully RECOMMENDED as follows:

1. That Plaintiff Mortgage Now, Inc. be awarded $21,660.00 in attorneys' fees incurred between October 2013 and January 2014 pursuant to Fla. Stat. § 768.79.

At Pensacola, Florida, this 10th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).